**CLD-240**                                                                        **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-1606
_____

In re: THEODORE YOUNG, SR.,
                                                          Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Eastern District of Pennsylvania
(Related to E.D. Pa. Crim. No. 2-05-cr-00056-016)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
April 28, 2016

Before:  FISHER, JORDAN and VANASKIE, <u>Circuit</u> <u>Judges</u>

(Opinion filed: May 5, 2016)
_____

OPINION*
_____

PER CURIAM

        Theodore Young, Sr., is a federal prisoner currently incarcerated at FCI-Schuylkill

in Minersville, Pennsylvania.  In 2007, a jury in the Eastern District of Pennsylvania

found Young guilty of conspiracy to distribute heroin and related crimes.  The District

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Court sentenced him to 144 months in prison. Young was unsuccessful on direct appeal and in an initial motion to vacate his sentence under 28 U.S.C. § 2255.

In March 2014, Young filed another motion under § 2255. The District Court dismissed the motion as an unauthorized "second or successive" motion under 28 U.S.C. § 2255(h), and we denied Young's request for a certificate of appealability as well as his subsequent request for reconsideration. United States v. Young, C.A. No. 14-1910 (orders entered Aug. 4, 2014, and Mar. 24, 2015). Still proceeding in this Court, Young then filed a purported motion to reopen pursuant to Rule 60 of the Federal Rules of Civil Procedure. By order entered July 21, 2015, the Clerk informed Young that no action would be taken on the motion, which was explicitly addressed to this Court, because the Federal Rules of Civil Procedure do not apply to appellate proceedings here.

Young now asks us to issue a writ of mandamus compelling the District Court to rule on the Rule 60 motion—evidently because he believes that he filed it in that court.[1] Because there is no such motion pending in the District Court, and because the Clerk of this Court already declined to take action on the motion filed here, we will deny the petition for writ of mandamus.

---

[1] We have jurisdiction pursuant to 28 U.S.C. § 1651.